UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE A. HAMPTON,

        Plaintiff,

v.                                                   Case No. 19-C-609

SHEBOYGAN COUNTY DETENTION CENTER,
SERGEANT RICHTER,
CO VELVEDLE,
CO OPENEER,
KEIMON D. JOINER,
RN NICK, and
JOHN DOES,

        Defendants.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On May 8, 2019, the court waived the initial partial filing fee and gave the plaintiff 21 days to notify the court if he did not

wish to proceed with his case. To date, the court has not received a response from the plaintiff. Accordingly, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and screen the complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

In December 2015, Plaintiff was transferred from the Dodge Correctional Institution to the Sheboygan County Detention Center for sentencing after being convicted of battery by a prisoner.

2

On December 22, 2015, while housed at the Sheboygan County Detention Center, Plaintiff was assaulted by another inmate, Keimon Joiner. Plaintiff sustained injuries to his ear, mouth, hand, lips, and chin and had several broken teeth.

Before the attack, Plaintiff had heard from other inmates that Joiner threatened to break Plaintiff's jaw because the victims of Plaintiff's crimes, Anthony S. Sims and Donald Ray Polk, were either Joiner's friends or family. Plaintiff notified CO Openeer about Joiner's threats and asked to be placed in a unit separate from Joiner. Plaintiff alleges that Openeer told Sergeant Richter about the threats but placed Plaintiff in the S-Pod with Joiner. After Plaintiff realized he was placed in the same pod as Joiner, he told CO Velvelde that Joiner threatened to hurt him and requested to be moved. Plaintiff claims Velvelde stated that Sergeant Richter was aware of his requests but placed Plaintiff on S-Pod with the hope that Plaintiff and Joiner could handle their business. Although Plaintiff met with Joiner to attempt to diffuse the situation, Joiner stated that he wanted "blood for blood." Compl. ¶ 29, Dkt. No. 1, at 6. Plaintiff then returned to his assigned cell to go to sleep. After some time, Plaintiff heard his cell door open and ignored the sound, thinking his cellmate was entering the cell. Plaintiff alleges that Joiner entered his cell, delivered blows to the top of Plaintiff's head, and ran out of the cell.

Plaintiff pressed the emergency call button in his cell and requested medical treatment because he had been jumped. Officer Velvelde immediately secured Plaintiff inside his cell and locked down the pod. Sergeant Richter retrieved Plaintiff from his cell and escorted him to the medical unit.

Nurse Nick examined Plaintiff and concluded that Plaintiff should be transferred to Sheboygan Memorial Medical Center for stitches and further treatment. Plaintiff was immediately

3

transferred to the hospital; received stitches inside his mouth, chin, ear, and hand; and then returned to Sheboygan County Detention Center. After returning to the Detention Center, Plaintiff alleges that, when he asked Officer Openeer about additional medical treatment, Openeer responded that Plaintiff must now know how Officer Schultz felt when Plaintiff attacked him during his altercation with Donald Polk. The next day, Plaintiff was transported to Dodge Correctional Institution.

## THE COURT'S ANALYSIS

Plaintiff claims that Sergeant Richter, Officer Velvelde, and Officer Openeer failed to protect him from Joiner's attack. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on jail officials to ensure that inmates receive adequate food, clothing, shelter, and medical care and to take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see* U.S. Const. Amend. VIII. Jail officials have a duty to protect inmates from violence caused by other inmates when they are aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *see also Pierson v. Hartley*, 391 F.3d 898, 903–04 (7th Cir. 2004). In this case, Plaintiff alleges that, even though Richter, Velvelde, and Openeer knew about the risk posed by Joiner, they refused to take any action to mitigate the risk. At this stage, Plaintiff has stated a claim for failure to protect against Defendants Richter, Velvelde, and Openeer.

Plaintiff also alleges that Openeer, Richter, and Nick were deliberately indifferent to his medical needs when he returned to the Detention Center. To state a deliberate indifference claim, an inmate must allege "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal

citations omitted). Deliberate indifference requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 835, 837. Plaintiff alleges that Openeer and Richter ignored his complaints of pain and requests for treatment. These facts are sufficient to state a claim against Openeer and Richter.

Plaintiff has failed to state a deliberate indifference claim against Nurse Nick, however, as the complaint contains no allegations that Nick was aware of Plaintiff's additional requests for medical care or treatment once Plaintiff returned from the hospital. Accordingly, Plaintiff has failed to state a claim of deliberate indifference against Nurse Nick.

Plaintiff also claims Openeer retaliated against him. To sufficiently plead a retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). In this case, Plaintiff has not alleged that he engaged in a First Amendment activity that was a motivating factor in Openeer's decision to act in a retaliatory way or that Plaintiff suffered a deprivation that would likely deter any future First Amendment activity. Accordingly, Plaintiff's retaliation claim will be dismissed.

Plaintiff also claims that Sergeant Richter and Joiner conspired against him. "In order to establish a civil conspiracy under § 1985, [plaintiff] must show that an actual conspiracy existed (in other words, that people agreed to injure him), that its purpose was to deprive [plaintiff] of his constitutional rights, that an act was committed in furtherance of the conspiracy, and that he was injured." *Alexander v. City of South Bend*, 433 F.3d 550, 556–57 (7th Cir. 2006) (citing *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002)). Plaintiff claims that, when Richter walked Plaintiff

5

past Joiner's cell after the incident, Joiner told Richter to keep his word and Richter responded, "I always keep my word." Compl. ¶ 30, Dkt. No. 1, at 7. Plaintiff's complaint does not, however, connect that conversation to Plaintiff's injuries. In other words, the complaint does not contain any factual allegations from which it could be plausibly inferred that a conspiracy existed between Joiner and Richter under 42 U.S.C. § 1985(3). Accordingly, this claim is dismissed.

Plaintiff claims the Commissioner of Sheboygan County Adult Institution Services; the superintendent, warden, and jailer; and Sergeant Richter failed to properly train and manage the correctional officers at the Detention Center. "An allegation of a 'failure to train' is available only in limited circumstances." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). "In order to ensure that isolated instances of misconduct are not attributable to a generally adequate policy or training program," a failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations." *Id.* In this case, Plaintiff has not alleged a pattern of constitutional violations relating to staff training. Therefore, he has failed to state a failure to train claim against these defendants.

Finally, Plaintiff cannot proceed against the Sheboygan County Detention Center because it is not a suable entity under 42 U.S.C. § 1983. *See Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1983). Accordingly, the Sheboygan County Detention Center is dismissed as a defendant. The court finds that the plaintiff may proceed on a failure to protect claim against Richter, Openeer, and Velvelde and a deliberate indifference claim against Richter and Openeer.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Joiner; Nurse Nick; Commissioner of Sheboygan County Adult Institution Services; the superintendent, warden, and jailer; and the Sheboygan County Detention Center are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Sheboygan County Detention Center, as well as to the Sheboygan County Sheriff and the Sheboygan County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this   5th   day of June, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
