UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE A. HAMPTON,

            Plaintiff,

v.                                                              Case No. 19-cv-609

MARK RICHTER, *et al.*,

            Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On April 9, 2020, the defendants filed a motion for summary judgment. (ECF No. 55.) On July 27, 2020, after extensive discovery, a hearing to resolve discovery disputes, numerous extensions of time, voluminous motion practice by Hampton, and a pending motion for summary judgment filed by the defendants, Hampton filed a motion to dismiss the case *without* prejudice. (ECF No. 89.) The court granted the motion to dismiss but did so *with* prejudice given the substantial amount of time and resources the defendants had spent participating in hearings, conducting and responding to discovery, responding to Hampton's motions to compel, and filing their own dispositive motion. (ECF Nos. 90-91.) On June 30, 2021, the Court of Appeals for the Seventh Circuit vacated the dismissal *without* prejudice and noted that "the court did not have to dismiss without prejudice" but that it should have given Hampton an opportunity to withdraw his motion to dismiss because "he had time left to respond to the summary-judgment motion." (ECF No. 101 at 4.) The Seventh Circuit noted, "[Hampton's] desire to continue litigating was the express premise of his motion" and he still had two weeks left to respond. (*Id.*)

Accordingly, on September 29, 2021, the court ordered Hampton to file his materials in response to the defendants' motion for summary judgment on or before October 25, 2021. (ECF No. 103.) The court also warned Hampton that under Civil L. R. 7(d) failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the court to grant the motion as a sanction for noncompliance. (*Id.*) On October 25, 2021, Hampton asked for another extension of time to respond to the defendants' motion for summary judgment. (ECF No. 104.) On October 27, 2021, the court granted his motion and ordered that Hampton must file his materials in response to the defendants' motion for summary judgment on or before January 12, 2022. The court noted that given the length of time Hampton requested in his motion for extension of time, no further extensions would be granted absent extraordinary circumstances. The January 12, 2022, deadline has passed, and Hampton did not file his materials in response to the defendants' motion for summary judgment.

Hampton was allowed to proceed on a failure to protect claim against defendants Michael Oppeneer, Mark Richter, and Dustin VerVelde and a deliberate indifference to his medical needs claim against Richter and Oppeneer. (ECF No. 12.) The defendants' moved for summary judgment, (ECF No. 55), and Hampton never filed a response to their motion for summary judgment and statement of facts. Because Hampton failed to respond to the defendants' motion for summary judgment and statement of facts, the court finds that the defendants' statement of facts, (ECF Nos. 57–62), are undisputed and accepted as true. Fed. R. Civ. P. 56(e)(2). The court has reviewed the defendants' motion, brief in support, and undisputed statement of facts, and concludes that they are entitled to summary judgment. Fed. R. Civ. P. 56(e)(3).

Based on the undisputed facts, Hampton never requested to be housed separately from Joiner and Hampton never informed defendants Oppeneer, Richter, or VerVelde of a threat to his safety by Joiner until after he was attacked. (ECF No. 57 at ¶¶2–10.) Further, video surveillance of the incident shows that contrary to Hampton's allegations, he was not attacked in his sleep. (*Id.* at ¶13.) Instead, the video surveillance shows Hampton and Joiner talking at Hampton's cell door before Joiner entered the cell. (*Id.*) Joiner placed a bedsheet over the window obstructing the view, and when the bedsheet fell shortly thereafter, both inmates could be seen engaged in a physical fight. (*Id.*) Therefore, defendants Oppeneer, Richter, and VerVelde did not know Hampton faced a substantial risk of serious harm and were not deliberately indifferent to his safety.

Additionally, when Hampton returned to the detention center from the hospital Oppeneer gave him the gauze the hospital provided to use as needed. (*Id.* at ¶16.) Hampton alleges that he talked to Oppeneer about wanting to see the nurse, but Hampton does not recall Oppeneer's response. (*Id.* at ¶17.) Oppeneer does not recall having a conversation with Hampton about contacting the nurse, but as a matter of practice he would have done so if asked. (*Id.* at ¶18) Further, Oppeneer understood that the medical staff were aware of Hampton's condition and were treating Hampton as directed by the hospital doctor. (ECF No. ¶¶10, 12.) Moreover, once he returned from the hospital, Hampton did not speak or have any interactions that night with Richter. (ECF No. 57 at ¶15.) Therefore, because Richter had no interaction with Hampton and Oppeneer provided gauze and would have contacted a nurse if Hampton actually requested one, they were not deliberately indifferent to Hampton's medical needs.

3

As a result, the defendants are entitled to judgment as a matter of law and their motion must be granted. Additionally, pursuant to Civil L. R. 7(d), the court finds that Hampton's failure to respond to the defendants' motion is sufficient cause for the court to grant the motion as a sanction for noncompliance.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (Dkt. No. 55) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 2nd day of February, 2022.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.